fIN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JORDANOFF IV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-940-R |
| ) | |
| TURN KEY HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a pro se pre-trial detainee, filed a Complaint under 42 U.S.C. § 1983 raising numerous claims related to his confinement at the Cleveland County Jail (CCJ). Doc. 1.[1] United States District Judge David L. Russell referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. The undersigned recommends the Court dismiss the Complaint on screening.

## I.   Plaintiff's Claims

Liberally construing Plaintiff's twelve-page Complaint, the undersigned finds five allegations, including: (1) a "Hipa"[2] violation;[3] (2) interference with exhaustion of administrative remedies; (3) denial of proper postage and paper for legal filings; (4) delay in a "sych" appointment; and (5) retaliation. Doc. 1, at 1-12.

---

[1] Citation to Plaintiff's Complaint will refer to this Court's CM/ECF pagination.

[2] The undersigned assumes Plaintiff is referring to the Federal Health Insurance Portability and Accountability Act of 1996 (HIPAA).

[3] In discussing his "Hipa" claim, Plaintiff complains about his medical treatment at the Red Rock Adult Behavioral Center. Doc. 1, at 2. However, Plaintiff has raised those claims in a separate action, *see* Case No. CIV-15-846-HE, Doc. 1, and the undersigned construes Plaintiff's language in the instant Complaint as providing only background information.

1

*Who* Plaintiff blames for each allegation is less clear. Plaintiff lists "Turn Key Health for Cleveland County Jail" in his style, but names as defendants only: (1) "Board of directors et al."; (2) "Head Nurse Cindy"; and, (3) "Nurse Evelyn." *Id.* at 1-3. In the Complaint's body, Plaintiff also refers to "Ms. Williams," "[Ms.] Cleamens, jail clerk," and "Mjr. Davis." *Id.* Based on their titles, the Court assumes Defendants Davis and Cleamens works for CCJ, but it is unclear whether CCJ or Turn Key Health employs Defendants Cindy, Evelyn, and Williams. What conduct Turn Key Health for Cleveland County Jail and/or its Board of Directors, et al. is responsible for is equally unclear.

## II. <u>Screening Standard</u>

Because Plaintiff is proceeding in forma pauperis, Doc. 6, the Court has an independent duty to dismiss any allegation that fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Under such review, the Court "'must accept all the well-pleaded allegations of the [C]omplaint as true and must construe them in the light most favorable to . . . [P]laintiff.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014) (citation omitted). To survive dismissal, Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. <u>Analysis</u>

### A. Plaintiff's "Hipa" Claim

In his prevailing argument, Plaintiff alleges Defendants Cindy, Evelyn, and Williams coerced him into releasing his mental health records and then provided those documents to the

State prosecutor in a "Hipa" violation. Doc. 1, at 2-6.[4] Plaintiff seeks monetary relief and asks the Court to dismiss his pending criminal charges. *Id.* at 7-8, 11. The undersigned recommends the Court dismiss this allegation with prejudice.

This Court cannot dismiss Plaintiff's pending criminal charges in a § 1983 action. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) (holding an inmate may proceed under § 1983 to challenge conditions of his confinement, but a habeas corpus is the only avenue for his challenge to fact or duration of confinement when it would result in immediate or speedier release from that confinement). More importantly, "HIPPA does not create a private right of action for alleged disclosures of confidential medical information." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *see also Thompson v. Larned State Hosp.*, 597 F. App'x 548, 550 n.1 (10th Cir. 2015) ("Although we have not squarely addressed alleged HIPAA violations in the context of a § 1983 action, at least two of our sister circuits have and have ruled that HIPAA violations cannot be remedied through a § 1983 action." (citations omitted)). So, the Court should dismiss Plaintiff's "Hipa" allegations with prejudice. *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (holding "a dismissal with prejudice is appropriate 'where the complaint fails to state a claim and granting leave to amend would be futile'" (citation, internal brackets, and ellipsis omitted)).

## B. Plaintiff's Claim Involving Interference with Exhaustion of Administrative Remedies

Plaintiff alleges Defendant Cleamens took over three months to set him up within the grievance "keyosk machiene" [sic] and suggests she and unidentified officials have denied him

---

[4] Plaintiff first explains that *he* contacted the medical staff "against his [own] better wishes" and asked them "to contact his attorney to consent to release sensitive medical information." Doc. 1, at 2. Yet he continues to assert Defendants "pressure[d] Plaintiff into signing release of confidential info." *Id.*

proper access to grievance procedures at the CCJ in violation of his due process rights. Doc. 1, at 5, 7. For this claim, the undersigned also recommends dismissal with prejudice.

"'There is no independent constitutional right to . . . administrative grievance procedures[,]'" and "'the . . . voluntary provision of an administrative grievance process [does not] create a liberty interest in that process.'" *Von Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) (internal brackets and citation omitted)). Therefore, Plaintiff "cannot state a due process claim based on allegations" relating to the "grievance reporting system." *Id.* Instead, "'when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Boyd v. Werholtz*, 443 F. App'x. 331, 332 (10th Cir. 2011) (internal brackets and citation omitted).

Here, Plaintiff's alleged inability to exhaust the issues presented in this Complaint did not prevent him from raising those claims in court. Accordingly, the Court should dismiss Plaintiff's grievance claims with prejudice. *See Pemberton v. Patton*, No. CIV-14-129-D, 2015 WL 1638638, at *7 (W.D. Okla. Apr. 13, 2015) (unpublished order) (adopting recommendation to dismiss inmate's claim he was denied access to grievance procedures, with prejudice, where inability to exhaust did not ultimately prevent plaintiff from having his claims addressed in court), *aff'd*, __ F. App'x __, 2016 WL 286871 (10th Cir. 2016).

### C.  Plaintiff's Paper and Postage Claim

According to Plaintiff, unidentified CCJ officials have failed to provide him with sufficient paper and postage for his legal mailings. Doc. 1, at 7. However, Plaintiff does not allege he has suffered any actual legal injury, *see id., passim*, and the undersigned recommends the Court dismiss this allegation without prejudice for failure to state a valid claim for relief.

4

Plaintiff has a constitutional right to meaningful access to the courts, which requires officials to provide him with adequate supplies. *See Bounds v. Smith*, 430 U.S. 817, 821–22 (1977). However, Plaintiff must allege officials' failure to provide adequate paper, etc. caused an "actual injury," i.e., that it "hindered his efforts to pursue a nonfrivolous habeas or conditions of confinement claim." *Tijerina v. Patterson*, 543 F. App'x 771, 774 (10th Cir. 2013) (*citing Lewis v. Casey*, 518 U.S. 343, 349 (1996)). Plaintiff did not make any such allegation and the undersigned recommends dismissal on this ground. *See Harrison v. Bent Cnty. Corr. Facility*, 24 F. App'x 965, 967 (10th Cir. 2001) (affirming dismissal "because Mr. Harrison has failed to allege facts in his complaint (or in his brief of appeal) suggesting an actual injury [due to insufficient postage], an essential requirement of a denial of access claim").

### D. Plaintiff's "Medical Neglect" Claim

Plaintiff further alleges "medical neglect" and "cruel and unusual punishment" on grounds he has been trying to schedule a "sych" appointment to "regulate medication" for "over two months." Doc. 1, at 9. The undersigned recommends the Court dismiss this claim without prejudice.

To prevail on a denial of medical care claim as a pre-trial detainee, Plaintiff must allege "defendants were deliberately indifferent to his serious medical needs, measured by an objective component—whether the 'harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment'—and a subjective component—'that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it.'" *Moore v. Diggins*, __ F. App'x __, 2015 WL 8479678, at *2 (10th Cir. 2015) (citations omitted). Here, Plaintiff has failed to identify any person responsible for the alleged denial of medical treatment, and has thus failed to

5

establish either the objective or subjective component. Under such circumstances, the Court may dismiss his conclusory allegation without prejudice. *See Sayed v. Broman*, __ F. App'x __, 2016 WL 53937, at *2 (10th Cir. 2016) (finding no error in the district court's dismissing plaintiff's medical claim for failure to state a claim where allegation were "conclusory, naked statements").

### E. Plaintiff's Retaliation Claim

Finally, Plaintiff alleges Defendant Davis retaliated against him for filing lawsuits. In particular, Plaintiff claims Defendant Davis denied him a shower on June 22, 2015, and removed phone call privileges from he and another inmate. Doc. 1, at 10. Plaintiff suggests Defendant Davis removed the other inmate's phone call privileges to "cause aggressive behavior" in an attempt to "harm Plaintiff physically." *Id.* The undersigned finds these allegations fail to state a valid claim for relief.

To state a valid claim for retaliation, Plaintiff must allege: (1) he was engaged in constitutionally protected activity; (2) Defendant Davis's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and, (3) Defendant Davis's adverse actions were substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). For the last element, Plaintiff must allege that "'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place.'" *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citation omitted). In other words, he must allege: (1) Defendant Davis was aware of his protected activity; and (2) Defendant Davis's one-time shower denial and denial of phone privileges were in close temporal proximity to the protected activity. *See Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). Therefore, "it is imperative that [P]laintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not

suffice; [P]laintiff[] must, rather, allege specific facts showing retaliation because of the exercise of [his] constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).

In the Complaint, Plaintiff does not allege specific facts to satisfy the second or third elements outlined above. That is, Plaintiff does not establish that Defendant Davis's one-day shower denial, or denied of phone calls, would chill a person of ordinary firmness from filing a lawsuit. Additionally, Plaintiff does not explain when Defendant Davis became aware of his prior lawsuits or when, in temporal proximity, Defendant Davis denied him a shower and phone privileges. Finally, Plaintiff fails to allege that "but for" his filing a lawsuit, Defendant Davis would not have denied him a shower on June 22, 2015, or revoked phone privileges for inmates on suicide watch. *See Cooper v. Belcher*, No. 08-CV-01599-CMA-KMT, 2010 WL 3359709, at *20 (D. Colo. Aug. 25, 2010) (unpublished order) ("'Although a reduction of privileges may support a claim of retaliation, to proceed on such a theory, a plaintiff must allege sufficient facts showing that the reduction would not have occurred but for the inmate's exercise of his constitutional right.'" (citation omitted)). In sum, Plaintiff's allegations fail to state a valid claim for retaliation against Defendant Davis and the Court should dismiss the retaliation claim without prejudice.

## **RECOMMENDATION**

On screening, the Court should summarily dismiss with prejudice Plaintiff's claims involving: (1) a "Hipa" violation; and (2) interference with exhaustion of administrative remedies. The Court should dismiss without prejudice Plaintiff's claims involving: (1) denial of proper postage and paper for legal filings; (2) delay in a "sych" appointment; and, (3) retaliation. For these three claims, the Court should grant Plaintiff leave to amend. *See Gee*, 627 F.3d at 1195 ("'The plaintiff whose factual allegations are close to stating a claim but are missing some

important element that may not have occurred to him, should be allowed to amend his complaint.'" (internal brackets and citation omitted)).

The undersigned notes Plaintiff has filed at least eight civil rights actions in this Court, Doc. 3, and here, Plaintiff fails to state a valid claim on all five allegations. Thus, the undersigned recommends the Court count this dismissal as a strike under 28 U.S.C. § 1915(g). *See Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("Under the PLRA, prisoners obtain a 'strike' against them for purposes of future [in forma pauperis] eligibility when their action or appeal in a court of the United States was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (citation, internal quotations, and ellipses omitted)). If adopted, the recommended dismissal would count as Plaintiff's second strike. *See* CIV-15-947-R, Doc. 10 (adopting the recommendation to count dismissal as Plaintiff's first strike).

## NOTICE OF RIGHT TO OBJECT

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by April 20, 2016, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of March, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE